UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ronnie Johnson and Tuesday Smith-Johnson,

    Plaintiffs,

v.

Sandvik Inc., *et al.*,

    Defendants.

_____/

Case No. 17-cv-10117

Judith E. Levy
United States District Judge

Mag. Judge Stephanie Dawkins Davis

**OPINION AND ORDER GRANTING MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION [8, 12]**

This is a case arising from defendants' alleged negligence in manufacturing and maintaining a rock crushing machine, resulting in severe injuries to plaintiffs. (Dkt. 1 at 6-7.) Before the Court are defendants Sandvik AB, Sandvik Mining and Construction USA, LLC, and Sandvik Mining and Construction's motions to dismiss for lack of personal jurisdiction. (Dkts. 8, 12.)

I.    **Background**

Plaintiffs Ronnie Johnson and Tuesday Smith-Johnson filed a complaint on January 13, 2017, alleging claims of negligence, breach of

warranty, and loss of consortium against defendants Fintec Crushing and Screening, Ltd., Sandvik Group, Sandvik Mining and Construction, Sandvik AB, Sandvik Mining and Construction USA, LLC, and Sandvik Inc. (Dkt. 1.) These claims arise from an incident that occurred on or about January 17, 2014, when plaintiff Ronnie Johnson, an employee for Adamo Demolition, was at work in Hamtramck, Michigan. (*Id*. at 4.) Johnson alleges that while at work, an object unexpectedly flew out of a Fintec crushing unit ("Crusher") striking him in the head and face. (*Id*. at 4.) Johnson sustained severe injuries, some of which are permanent. (*Id*. at 11.) He alleges that these injuries and the resulting loss of wages and earning capacity are a direct result of the negligence and breaches of warranty of defendants. (*Id*. at 12.)

Sandvik, Inc. filed an answer to the complaint acknowledging this Court's jurisdiction, and denying the plaintiff's allegations (Dkt. 11 at 1.) After the Court entered an order to show cause as to defendants Fintech Crushing and Screening and Sandvik Group, plaintiffs filed a response acknowledging that these companies "are not proper valid legal entities," and requested that they be dismissed. (Dkt. 20 at 2.) The remaining defendants, Sandvik Mining and Construction, Sandvik

2

Mining and Construction USA, LLC, ("SMC, USA") and Sandvik AB, have filed motions to dismiss, alleging that the court lacks personal jurisdiction over them, and that plaintiffs have failed to state a claim upon which relief can be granted. (Dkt. 8, Dkt. 12.)

## II. Legal Standard

Personal jurisdiction over a defendant exists when "the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).

Michigan's long-arm statute for corporations, Mich. Comp. Laws § 600.715, gives "the maximum scope of personal jurisdiction permitted by the due process clause of the Fourteenth Amendment." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236 (6th Cir. 1981). "Under Michigan's long-arm statute, the state's jurisdictions extends to the limits imposed by federal constitutional due process requirements, and thus, the two questions become one." *Mich. Coal. of Radioactive Material Users v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992). The exercise of jurisdiction comports with due process when "defendant's

3

conduct and connection with the forum state are such that he should reasonably anticipate being haled into court [in the forum state]." *Id.* at 1176 (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

The Sixth Circuit uses a three-part test to determine if the exercise of personal jurisdiction comports with due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499 (6th Cir. 2014) (quoting *S. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968)).

It is the plaintiff's burden to establish jurisdiction over defendant. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980). If the court determines the issue solely on the basis of written materials, the plaintiff is required only to make a prima facie case that jurisdiction exists. *Id.* at 438. In applying the above test, the court must consider

4

the pleadings and affidavits in the light most favorable to plaintiffs.  *Id.* at 439.

## III. Analysis

Personal jurisdiction may be either general or specific.  A court has general jurisdiction over a defendant, and can hear "any and all claims against [it]," when the corporation's affiliations with the forum state are so extensive "as to render [it] essentially at home in the forum state."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  On the other hand, specific jurisdiction hinges on the existence of a connection between the forum state and an "activity or occurrence that takes place in the forum state and is therefore subject to the State's regulation."  *Id*.  Here, plaintiffs do not assert that this Court has general jurisdiction, but argue that the Court has specific jurisdiction over defendants Sandvik AB, Sandvik Mining and Construction, and Sandvik Mining and Construction USA, LLC.  (Dkt. 15 at 5, Dkt. 16 at 5.)

### A. **General Jurisdiction**

General jurisdiction over a defendant exists when that defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler A.G. v. Bauman,* ___ U.S. ____, 134 S. Ct. 746, 761 (2014). "The paradigm all-purpose forms for general jurisdiction are a corporation's place of incorporation and principal place of business." *Id*. at 749 (citing *Goodyear*, 564 U.S. at 924). Defendants assert that neither Sandvik AB nor SMC, USA are incorporated or have their principal place of business in Michigan. (Dkt. 8 at 8.) Plaintiffs provide no evidence otherwise, and do not argue general jurisdiction exists for any defendant. General jurisdiction is therefore not established.

### B. Specific Jurisdiction

Plaintiffs argue that specific personal jurisdiction exists based on Michigan's long-arm statute covering limited personal jurisdiction for corporations. MICH. COMP. LAWS § 600.715. Plaintiffs claim that that "there is no doubt" that defendants have purposefully availed themselves of the privilege of conducting business in Michigan. (Dkt. 15 at 7.) Plaintiffs assert that the Crusher at issue was designed,

manufactured, and distributed as a collaborative venture between Fintech and Sandvik AB. (Dkt. 16 at 2.)

Relying on evidence from Google searches and an affidavit filed by Mr. Fred Custer, plaintiffs' attorney, plaintiffs seek to draw a connection between Sandvik, Inc., which has acknowledge this court's jurisdiction, and the other Defendants. Sandvik AB is believed to be the parent company of the Sandvik Group, which includes Fintech and Sandvik Mining and Construction. (Dkt. 16 at 2.) Sandvik Mining and Construction is also believed to be part of Sandvik AB. (*Id.*) Further, Plaintiffs argue that Sandvik Mining and Construction USA, LLC is registered to do business in Michigan, and does in fact conduct business in the state of Michigan. (*Id.*) Plaintiffs also allege Sandvik AB is subject to personal jurisdiction because Fintech is part of Sandvik AB, and Fintech sold the Crusher in Michigan. (*Id.*) Sandvik AB is also alleged to be the parent company of Sandvik Mining and Construction, USA. (*Id.* at 8.) Plaintiffs characterize this network of relationships as a "corporate web and/or corporate quagmire" that involves all named Defendants. (Dkt. 15 at 3.)

Defendants argue that plaintiffs have not met the burden of showing that defendants' contacts in Michigan give rise to specific jurisdiction. (Dkt. 12 at 9.) First, defendants note that "Sandvik Mining and Construction" is a nonexistent entity. (Dkt. 8 at 3.) Plaintiffs assert that, based on their internet research, Sandvik Mining and Construction is a division of the Sandvik Group. (Dkt. 16 at 11.) Plaintiffs include an exhibit that contains screenshots of websites and Google searches, which indicates that Sandvik is involved in the mining and construction business, but does not provide evidence that there is a corporation named "Sandvik Mining and Construction" that operates in Michigan, or elsewhere. (Dkt. 16-1 at 9.) Because there is no evidence that it exists, "Sandvik Mining and Construction" cannot, by definition, meet the necessary requirements for personal jurisdiction.

The other two defendants have limited contact with the state of Michigan. Sandvik AB is not registered to do business in Michigan, conducts no sales in Michigan, and has no employees or offices in Michigan. (Dkt. 12 at 10.) SMC, USA is registered to do business in Michigan, and conducts limited sales in Michigan, but has no offices, employees, real estate, telephone number, or mailing address in

8

Michigan, and does not directly target the Michigan market through advertising. (Dkt. 8 at 8.) Further, defendants assert that none of these entities designed, manufactured, tested, assembled, distributed, marketed, sold, or performed maintenance on the Crusher. (Dkt. 8 at 3, Dkt. 12 at 3.)

Defendants' activities in Michigan do not meet *Southern Machine*'s three-part test for personal jurisdiction. The first prong asks whether the defendant has "purposefully availed himself of the privilege of acting in the forum state." 401 F.2d at 381. SMC, USA has done so, by registering to conduct business in Michigan, although the sales activities it conducts are limited, and it does not advertise in Michigan. (Dkt. 8 at 8.) Sandvik AB is not registered to do business in Michigan, and has no presence in Michigan whatsoever. (Dkt. 12 at 10.) Therefore, defendant Sandvik AB has not purposefully availed itself of the privilege of doing business in Michigan.

The second part of the *Southern Machine* test requires that the cause of action arise from the defendant's activities in the forum state. 401 F.2d at 381. "It is not enough that there be some connection between the in-state activity and the cause of action—that connection

9

must be *substantial.*"  *Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 472-73 (6th Cir. 2012).  Sandvik AB has no business contacts with Michigan, and as such could not give rise to the cause of action here.  And although SMC, USA does have contacts with the state of Michigan, none of these contacts are substantial enough to meet this prong of the *Southern Machine* test.  The fact that SMC, USA is registered to do business in Michigan has no direct connection to plaintiffs' claims of negligence and breach of warranty.  Plaintiffs provide no evidence of a substantial connection between SMC, USA's contacts in Michigan and the cause of action here.  Further, defendants note that SMC, USA did not design, manufacture, test, assemble, distribute, market, sell, or perform any maintenance on the Crusher at issue here. (Dkt. 8 at 14.)  The connection between SMC, USA's activity in Michigan and the cause of action here therefore cannot be considered substantial.

The final prong of the *Southern Machine* test asks whether the exercise of jurisdiction over the defendant would not be reasonable. This requirement exists because "minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the

reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 461, 477-78 (1985). The Sixth Circuit offers a set of factors for courts to consider in determining whether the exercise of jurisdiction is reasonable: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interests in securing the most efficient resolution of the policy. *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 554-55 (6th Cir. 2007).

The burden on Sandvik AB, a Swedish corporation, would be considerable here, and Michigan has no interest in requiring Sandvik AB to litigate this matter when Sandvik AB has not engaged in purposeful contact with Michigan or its citizens. Similarly, Michigan has no interest in requiring SMC, USA to litigate this matter when SMC, USA's contacts with Michigan are so limited, and none of them gave rise to the claims at issue.

For the reasons set forth above, *Southern Machine*'s three-part test for specific jurisdiction is not met here, as to either Sandvik AB or

SMC, USA. There is no basis for the Court to exercise personal jurisdiction over defendants in this case.

**C. Motion to Dismiss for Failure to State a Claim**

Defendants Sandvik AB and SMC, USA both argue that plaintiffs fail to state a claim because neither corporation manufactured, sold, or maintained the Crusher. Because the Court has granted the motion to dismiss for lack of personal jurisdiction, the motion to dismiss for failure to state a claim is moot.

**IV. Conclusion**

For the reasons set forth above, the motions to dismiss for lack of personal jurisdiction are GRANTED. (Dkts. 8, 12.)

IT IS SO ORDERED.

| | |
|---|---|
| Dated: August 1, 2017<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 1, 2017.

s/Shawna Burns<br>SHAWNA BURNS<br>Case Manager