# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Ronnie Johnson and Tuesday Smith-Johnson,

    Plaintiffs,

v.

Sandvik Inc.,

    Defendant.

_____/

Case No. 17-cv-10117

Judith E. Levy
United States District Judge

Mag. Judge Stephanie Dawkins Davis

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [28]

On August 1, 2017, the Court issued an opinion and order granting then-defendants Sandvik AB, Sandvik Mining and Construction USA, LLC, and Sandvik Mining and Construction's motions to dismiss for lack of personal jurisdiction. (Dkt. 21.) Sandvik Mining and Construction does not exist, and plaintiffs failed to meet their burden to show that personal jurisdiction existed over the other two defendants.

Plaintiffs have now filed a motion for reconsideration of that order. (Dkt. 28.) The motion makes two primary arguments: first, that

plaintiffs require discovery and would have asked for it at oral argument, had the Court held oral argument; and second, that additional evidence demonstrates that personal jurisdiction exists over Sandvik AB.

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). But "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."

2

*Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

"Where a motion for reconsideration simply repeats the movant's earlier arguments, without showing that something material was overlooked or disregarded, presenting previously unavailable evidence or argument, or pointing to substantial error of fact or law, such motion is frivolous." *Miller v. Norfolk S. Rwy. Co.*, 208 F. Supp. 2d 851, 854 (N.D. Ohio 2002). Frivolous motions for reconsideration are sanctionable under Rule 11. *Id.* at 852-53.

Plaintiffs' first argument, that they would have asked for additional discovery had the Court held oral argument, is not a ground for the Court to reconsider its ruling. Plaintiffs state that "the Court made its finding and conclusions in this matter without either Defendant filing an Answer to the Complaint, and without allowing Plaintiff any discovery." (Dkt. 28 at 3.) Plaintiffs also attach the affidavit of their counsel, Fred Custer, stating that he would have asked for discovery regarding personal jurisdiction at the oral argument scheduled on August 2, 2017, which the Court canceled. (Dkt. 28-1.)

It must first be noted that the motion for reconsideration was filed by an attorney named Michael T. Materna, who has not filed an appearance in this case, and appears on none of plaintiffs' other filings, except for the *ex parte* motion for leave to file excess pages, filed forty-four minutes before this motion for reconsideration. (Dkt. 27.) It is entirely unclear why new counsel is seeking reconsideration of an order based largely on the actions plaintiffs' actual counsel would have taken.

Also, a motion to dismiss for lack of personal jurisdiction must be asserted by motion before an answer is filed. Fed. R. Civ. P. 12(b)(2). No matter what argument was presented by plaintiffs, the defendants were required to file their motions before answering, and the Court was required to rule on the motions before any such answer could have been filed.

As to the substance of this argument, plaintiffs filed their responses to the motions to dismiss on March 27, 2017. (Dkts. 15, 16.) Those responses did not seek discovery, but instead provided a series of documents found using Google, and argued that those, under applicable law, established personal jurisdiction over the above-referenced defendants. Under E.D. Mich. Local R. 7.1(f)(2), the Court may decline

to hold oral argument on any motion if it determines that such argument is not warranted. The Court canceled oral argument on July 28, 2017, and issued its opinion on August 1, 2017. At no point between March 27, 2017, and July 28, 2017, did plaintiffs' counsel inform the Court that additional discovery was needed to respond to the motions to dismiss.

"Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). When the Court rules on the affidavits alone, a plaintiff "must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 367, 360 (6th Cir. 2008) (quoting *Theunissen,* 935 F.2d at 1458). "Because weighing any controverted facts is inappropriate at this stage, dismissal is proper only if [the plaintiff's] alleged facts collectively fail to state a

5

prima facie case for jurisdiction." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012).

Plaintiff's responses to the motions to dismiss failed to allege sufficient facts to state a *prima facie* case for personal jurisdiction over the dismissed defendants. In their motion for reconsideration, plaintiffs cite a variety of cases in which additional discovery was granted to parties opposing motions to dismiss on the grounds of lack of personal jurisdiction. (Dkt. 28 at 17.) None of these cases, however, stand for the proposition that a plaintiff who has failed to state a *prima facie* case for personal jurisdiction in response to a motion to dismiss is entitled to additional discovery to establish that case. And the caselaw expressly contemplates that a court is permitted to grant a motion to dismiss for lack of personal jurisdiction on the briefing alone. This is particularly true where the plaintiff does not argue that discovery is necessary, or that discovery will lead to additional information sufficient to establish personal jurisdiction over the defendant.

The failure of counsel to seek leave for – or even mention – additional discovery, despite the opportunity to do so, cannot be a palpable defect by which the Court was misled. The purpose of a

motion for reconsideration is not to permit parties to undo strategic errors. That is particularly so where a defendant has filed a procedurally proper motion to dismiss before discovery has begun, the plaintiff may be entitled to some discovery if he or she can indicate how and why the discovery is needed, and the plaintiff neglects to do so.

Plaintiffs' second argument relies on a rearguing of the same legal issues already decided, and a raft of new exhibits. The Court cannot consider any of the new exhibits, because on their face, they are publicly available documents and plaintiffs make no argument that these documents were not available on March 27, 2017, when they first responded to the motions to dismiss.

To the extent plaintiffs argue the Court made a substantive error, it is a qualm with a single line of the opinion. Applying the *Southern Machine* test set forth in *S. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968), the Court held that the first prong of the test, purposeful availment, was not met by Sandvik AB because it "is not registered to do business in Michigan, and has no presence in Michigan whatsoever." (Dkt. 21 at 9.) Plaintiff cites a number of cases holding that physical presence is not required for the exercise of

7

personal jurisdiction, and argues that the Court's analysis was in error. (Dkt. 28 at 12-13.)

The Court stated that Sandvik had "no presence" in Michigan, not only that it had no *physical* presence in the State. Based on the motion and the affidavit provided by Sandvik AB, and the response provided by plaintiffs, there was no credible argument presented that Sandvik AB had any presence – physical, business, or otherwise – in the state of Michigan. Because plaintiffs argue the same legal issue already ruled upon by the Court, using evidence that was apparently available to them at the time they filed their response to the original motions to dismiss, there was no palpable defect in the Court's ruling, and the motion for reconsideration must be denied.

Accordingly, it is hereby ordered that plaintiffs' motion for reconsideration (Dkt. 28) is DENIED.

IT IS SO ORDERED.

Dated: August 21, 2017　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

8

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2017.

s/Shawna Burns
SHAWNA BURNS
Case Manager
